**EXHIBIT A**

# Employee Non-Competition and Confidentiality Agreement for Illinois

This Agreement is made and entered into this 30th day of July by and between Jane Pondel (the "Employee") and **Vedior North America LLC dba Delta Pharma, Inc.** (hereinafter "the Company").

1. **Compensation.** In exchange for the services to be provided by the Employee as Sr. Recruiter, the Company agrees to provide the Employee with compensation (salary and/or commissions as applicable, "Compensation") and standard employee benefits for so long as the Employee works for the Company.

2. **At-Will Employment.** The Employee acknowledges that the Employee's employment with the Company is at-will and not for any prescribed term. The Employee's entitlement to compensation ends when the Employee's employment terminates for any reason.

3. **Entrustment and Preservation of Confidential Information.** In consideration of the Company's entrusting to the Employee certain of the Company's Confidential Information (as defined below), which Confidential Information the Employee acknowledges that he* desires to be and will be entrusted with during his employment, the Employee agrees that, during and after his employment by the Company, the Employee will not use any Confidential Information for himself or others or disclose or communicate any Confidential Information to any third party for any purpose whatsoever without the Company's express prior written consent. The Employee acknowledges that any such disclosure of Confidential Information is likely to cause irreparable harm and financial loss to the Company.

The Employee recognizes and acknowledges that the Company's trade secrets and proprietary processes as they may exist from time to time, as well as the Company's confidential business plans, training techniques and manuals, financial data, sales and marketing information, information concerning customers and consultants, and confidential information belonging to third parties which may be disclosed or made available to the Company (together, "Confidential Information"), are valuable, special and unique assets of the Company's business. While the Company cannot list completely in this Agreement all of the Confidential Information with which the Employee may come into contact during the Employee's employment, the Employee specifically acknowledges that information in the Company's database, including information about and notes regarding customers, candidates and consultants and their resumes (placed, active and inactive), job orders from customers and financial and pricing information of the Company, constitutes Confidential Information within the meaning of this Agreement.

* Masculine pronouns are used solely for convenience of reference and are intended to have general application.

EXHIBIT

A

4. **Restrictive Covenants.** The Employee acknowledges that the Company is engaged in the highly competitive business of recruiting and placing personnel on a temporary and permanent basis throughout the United States and that the Company has expended substantial amounts of money, time and effort in developing and maintaining its extensive personnel resources and business goodwill.

The Employee will devote his best efforts, attention and energies to the Company's business at all times during his employment. In consideration of the Company's provision to the Employee of initial and on-going specialized training necessary to sell and/or manage the Company's temporary and permanent personnel placement services and to learn the Company's business, which includes the Company's entrustment of Confidential Information to the Employee and the Company's introduction of customers and consultants to the Employee, the Employee agrees that during his period of employment and for eighteen (18) months thereafter ("the Non-Solicitation Period"), the Employee will not, directly or indirectly, engage in (or own an interest in any entity which engages in) activities in competition with the business or potential business of **Delta Pharma, Inc.,** namely providing temporary and/or permanent **clinical research, scientific and information technology** employee placement and related services, within a radius of fifty (50) miles of any office(s) and/or area(s) to which the Employee was assigned and/or managed for the Company during his employment.

For the entire Non-Solicitation Period, the Employee will not, directly or indirectly, solicit, provide services to or attempt to solicit or provide services to **Delta Pharma, Inc.'s** current customers at the Employee's termination, customers for whom **Delta Pharma, Inc.** provided services within eighteen (18) months prior to Employee's termination, and prospective customers at the time of the Employee's termination from whom **Delta Pharma, Inc.** has or plans actively to solicit business.

During the entire Non-Solicitation Period, the Employee will not, directly or indirectly, solicit, hire or attempt to persuade any employee or agent of, or consultant to **Delta Pharma, Inc.** to terminate his relationship with **Delta Pharma, Inc.**

The Employee agrees that the time period provided for non-competition and non-solicitation in this Agreement shall be extended for any period of time during which the Employee is in violation of any of the provisions of this Agreement.

5. **Return of Company Documents.** The Employee agrees that all originals, copies and summaries of manuals, memoranda, notes, notebooks, records, reports, plans, computer-based data in any form, tabulations or compilations, and other documents or items of any kind concerning any matters affecting or relating to the present or potential business of the Company, whether or not they contain Confidential Information, are and shall continue to be the property of the Company, and that all such documents or items in the possession or under the control of the Employee will be delivered to the Company by the Employee immediately upon termination of the Employee's employment.

6. **Freedom to Contract.** The Employee represents that he is free to enter into this Agreement, that he has not and will not become subject to any agreement in conflict with this Agreement, and that he will not disclose to the Company or use for the Company's benefit any trade secrets or confidential information which is the property of another party. The Employee warrants that he is not a party to any other restrictive agreement limiting his activities in the field of employment by the Company and that he will hold the Company harmless from any and all suits and claims arising out of any alleged or actual breach of such restrictive agreements.

7. **Sexual Harassment Policy.** The Employee acknowledges that he has received, read and agrees to comply with the Company's Sexual Harassment Policy.

8. **Voicemail, E-Mail and Internet Policies.** The Employee acknowledges that he has received, read and agrees to comply with the Company's Voicemail, E-Mail and Internet Policies.

9. **Enforcement and Damages.** The Employee agrees and acknowledges that the Company will suffer irreparable injury and damage and cannot be reasonably or adequately compensated in monetary damages alone for the loss by the Company of its benefits or rights under this Agreement as the result of a breach, default or violation by the Employee of his obligations under this Agreement. Accordingly, the Company shall be entitled, in addition to all other remedies which may be available to it (including monetary damages), to injunctive and other available equitable relief in any court of competent jurisdiction to prevent or otherwise restrain or terminate any actual or threatened breach, default or violation by the Employee of any provision of this Agreement or to enforce any such provision. The Employee agrees to indemnify the Company for all reasonable legal fees and costs incurred in enforcing this Agreement.

10. **Miscellaneous.** Employee acknowledges that his obligations under this Agreement are personal and that he may not assign any of his rights or delegate any of his duties or obligations under this Agreement. The Company may assign, without notice to Employee, its rights and obligations under this Agreement, which shall inure to the benefit of, and shall be binding upon, the successors and assigns of the Company. This Agreement may be executed in two or more counterparts, all of which together shall constitute a single agreement. In the event that any provision of this Agreement shall be held to be overly broad as to scope, geographic applicability, activity or subject so as to be unenforceable at law or in equity, such provision shall be construed by the appropriate judicial body by limiting or reducing it so as to be enforceable to the fullest extent compatible with the then applicable law. This Agreement is the sole and entire agreement and understanding of the parties with respect to the subject matter hereof. No prior or contemporaneous agreement, whether written or oral, shall be construed to change, amend, alter, repeal or invalidate this Agreement. A waiver by one party of a breach of this Agreement by the other party shall not be construed as a waiver of any subsequent or similar breach. This Agreement may be amended or terminated only by written agreement of both parties. **The Employee acknowledges that he has read this Agreement completely and carefully and that he has had the opportunity to consult with an attorney before signing below.**

11. This Agreement, the rights and obligations of the parties hereunder and all claims arising out of the Company's employment of the Employee shall be construed in accordance with the law of the Commonwealth of Massachusetts, without regard to choice of law principles.

**IN WITNESS WHEREOF**, the parties have signed this agreement as of the date first written above as a sealed instrument.

**Employee:**

Jane Pondel
(Signature)

Jane Pondel
(Print Name)

**Company:**

Jeff Stomberg
(By)

Jeff Stomberg
(Print Name)

**Witness:**

Michaelene Lawicka
(Signature)

Michaelene Lawicka
(Print Name)

«B0225787.DOC;1»